SATELE MOMOSEA UOKA, Appellant

v.

UIAGALELEI IONA, UIAGALELEI LEALOFI, TUIASOSOPO MARIOTA, and FALE FAI'AI, Appellants

UIAGALELEI IONA, UIAGALELEI LEALOFI, and the UIAGALELEI FAMILY, Appellants

v.

FALE FAI'AI and TUIASOSOPO MARIOTA, Appellees

TUIASOSOPO MARIOTA II, Appellant

v.

SATELE MOMOSEA, UIAGALELEI IONA, UIAGALELEI LEALOFI, and FALE FAI'AI for herself and the HEIRS OF FA'AILOILO, Appellees

High Court of American Samoa
Appellate Division

AP No. 5-88
AP No. 7-88
AP No. 8-88

19

Before KING*, Acting Associate Justice, KAY**, Acting Associate Justice, LUALEMAGA, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Appellant Satele, Steven H. Watson
For Appellant Uiagalelei, Aitofele Sunia
For Appellant Tuiasosopo, Togiola T.A. Tulafono
For Appellee Fai'ai, Charles Ala'ilima

Per Curiam:

This case began when appellant Satele filed for a permanent injunction against appellant Uiagalelei to stop the construction of a structure. Satele claimed the structure was being built on his land.

When the complaint was filed, Satele did not have a survey of the area that he considered he owned and called Fasamea. He commissioned a survey which covered over sixty acres. When this survey

---

* Honorable Samuel P. King, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Alan C. Kay, Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

was offered for registration, appellants Uiagalelei and Tuiasosopo and appellee Faiai responded--- claiming Satele had encroached upon their land.

Because the American Samoan Government needed to expand its landfill and so needed to know with whom to negotiate for this expansion, the trial court decided to adjudicate only that portion of the land currently occupied by the landfill and that portion of the land currently contemplated for the landfill's expansion. Approximately 35.5 acres of the 60 acres were adjudicated by the court.

At trial, Satele and Uiagalelei presented surveys which had been commissioned specifically for trial. Appellee Faiai presented surveys that had been done in 1912 and 1914. The court found the 1912 survey covering ten acres had been registered with the Territorial Registrar. Appellant Tuiasosopo did not present any surveys.

The trial court made the following conclusions:

(1) Satele owns no part of the land involved in this case.
(2) Tuiasosopo owns one acre.
(3) Uiagalelei owns approximately 3.78 acres.
(4) Faiai owns approximately 30.72 acres.

Uiagalelei filed a motion for a new trial or relief from judgment, claiming counsel had discovered new evidence. The court denied this motion because it was untimely and without merit.

In the early 1900s, Fauolo --- a chief of Se'etaga --- cleared the virgin brush from Fasamea. Fauolo was Satele's brother-in-law and continued throughout his life to render Satele the service due the highest chief in the county.

The trial court found that Fasamea was not Satele family land when Fauolo arrived on it and that Fauolo did not intend to make it Satele land. In 1912, Fauolo registered about ten acres of Fasamea as his own individually owned land.

In 1914, Fasamea was resurveyed and then covered 35.5 acres. The trial court specifically reserved deciding whether Fauolo registered this

21

1914 survey, reasoning its conclusion would be the same regardless of whether or not the survey was registered. In 1939, Fauolo conveyed these 35.5 acres to his daughter Fa'ailoilo by warranty deed. Appellee Fai'ai is the granddaughter and heir of Fa'ailoilo.

The court found that various relatives of Fauolo cultivated parts of Fasamea at various times. Some of these relatives were also members of the Satele family. Tuiasosopo Mariota, father of the appellant Tuiasosopo, also cultivated part of Fasamea and eventually established a large commercial plantation on Fasamea.

The court found the land north of Fasamea was Uiagalelei communal land occupied by Uiagalelei family members. The court also found that Uiagalelei sold approximately one acre of what is now the landfill area to Tuiasosopo as part of the stipulation approved by then Chief Justice Jochimsen in 1976.

Appellant Satele points out that the policy of the United States and American Samoa is to preserve the Samoan way of life, citing the Cession of Tutuila and Aunu'u and Cession of Manu'a Islands, and article I, section 3, of the Revised Constitution of American Samoa. Appellant argues that "[t]he twin cornerstones of the Samoan way of life are communal land tenure and the matai system." Individually owned land, appellant contends, is contrary to this way of life. Appellant relies upon the concise history of land ownership presented in Leuma v. Willis, 1 A.S.R.2d 48, 49-55 (1980), to argue that the concept of individually owned land was created by "judicial fiat" and violated this policy then and continues to violate this policy now.

The court in Leuma was critical of the judicial development of individually owned property. The Leuma court asserted that in Taatiatia v. Misi, 2 A.S.R. 346 (1948), "Justice Morrow misstated Samoan custom (that the virgin brush belonged to no one), and then applied the law of old England (Blackstone and Maine) to a land system and culture completely different." Leuma, 1 A.S.R.2d at 53.

However, the Leuma court did not conclude that individually owned land violated the cession

22

treaties or the Revised Constitution. In fact, the court ended its historical discussion by citing the description of individually owned land in <u>Fanene v. Talio</u>, LT No. 64-77 (1977), and by noting the Samoan legislature's efforts to define individually owned land. Appellant overstates his argument in contending the <u>Leuma</u> court found a violation.

Appellant also argues that recent Samoan caselaw "has recognized the treaty and constitutional problems with individually-owned land." As a result, appellant claims, "[p]rior to this case the judicial creation of individually-owned land had all but ceased to occur." The only case that appellant cites as evidence of this claim deals with a parcel of land already found to be communal land; so this case's relevance to appellant's argument is unclear.

In responding to appellant's claim, appellee cites <u>Reid v. Puailoa</u>, 1 A.S.R.2d 85 (1983), where the court held that "since all land was once communal land, there is a presumption that all land still is." <u>Id</u>. at 87. The court found the provisions of the cession treaties and Article I, section 3, of the Revised Constitution of American Samoa preserved the rights of the native inhabitants and support the finding of such a presumption. <u>Id</u>. The court reasoned that these provisions "are not intended to force the retention of custom, culture, and tradition upon Samoans, but instead to assure that the Samoan way of life is allowed to follow its own path." <u>Id</u>. However, the court held that any party asserting that a parcel is not communal land must overcome the presumption that it is communal land.

While the court below did not explicitly refer to this presumption in its finding that the land was not Satele family land, Fauolo's registering ten acres of the land in his own name in 1912 without any objection from Satele, just a couple of years after entering upon and clearing it, and then surveying the entire 35 acres in 1914 and subsequently conveying it by warranty deed to his daughter is sufficient to overcome this presumption.

Appellant Uiagalelei contends that the trial court erred in relying upon the Stipulated Judgment approved by Justice Jochimsen to find the Uiagalelei family sold one acre of land to

23

Tuiasosopo. The trial court specifically noted in its decision that there was a "strong presumption of validity attaching to an order of this Court signed by a Justice thereof." LT 17-86, slip opinion at 3, 5 A.S.R.2d 143, 145 (1987). The judgment itself presents substantial evidence from which the court could have concluded the sale did take place. Appellant fails to establish clear error.

Appellant Satele claims "[i]t is contrary to law and custom that this lesser _matai_ [Uiagalelei] should contest the wishes of the paramount chief for whom he speaks." Appellant gives no support for this claim, so he fails to meet the clearly erroneous standard.

Appellant Tuiasosopo claims that the trial court clearly erred in not finding the Tuiasosopo family owned Fasamea by adverse possession. In support of this claim, appellant simply presents evidence contradictory to the court's finding that there was no continuous, exclusive, and hostile possession for 30 years. Appellant fails to establish clear error.

We conclude no clear error was established, and there was substantial evidence upon which the trial court based its findings. We therefore affirm.